# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMUNITY PHARMACIES OF INDIANA, INC., and WILLIAMS BROTHERS HEALTH CARE PHARMACY, INC., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:11-cv-0893-TWP-DKL ) |
| INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION and its Subdivision, THE OFFICE OF MEDICAID POLICY AND PLANNING, by and through PATRICIA CASANOVA, Director, MICHAEL A. GARGANO, Secretary, and DAVID TESTERMAN, Director of Medicaid Pharmacy Program, in their Official Capacities, not Individually, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER ON MOTION FOR CLARIFICATION OR ALTERNATIVELY TO EXTEND THE TEMPORARY RESTRAINING ORDER

Plaintiffs having filed a Motion for Clarification or Alternatively to Extend the Temporary Restraining Order (the "Motion") regarding the Court's July 8, 2011 Entry on Temporary Restraining Order (the "TRO"), and the Court having reviewed the Motion, Defendants' Response, and Plaintiffs' Reply, hereby clarifies and extends the TRO as follows:

Defendants' oppose extending the TRO in the absence of a bond as required by Federal Rule of Civil Procedure 65 (c). Defendants argue that the monetary injury faced by the State is legitimate and worthy of protection. They allege the State is sustaining damages on a daily basis under the TRO as the dispensing fee reduction was implemented in part because Indiana Medicaid program was required to produce $212 million in administrative cost savings. Plaintiffs, on the other hand, emphasize that the original $4.90 dispensing fee reimbursement rate merely maintains the status quo, as that rate has been in effect for several years. Plaintiffs

contend that the Defendants' argument that a significant bond is warranted to protect the State's financial interests is disingenuous and wrong, in light of the State's $1.18 billion cash surplus.

The Seventh Circuit has allowed district courts to waive the requirement of a bond in cases where "the court is satisfied there's no danger the opposing party will incur any damages from the injunction" or where the "bond would give the opposing party absolute security against incurring any loss from the injunction that would exceed the applicant's ability to pay, and the district court balances (often implicitly) the relative cost to the opponent of a smaller bond against the cost to the applicant of having to do without a preliminary injunction that he may need desperately." *Habitat Educ. Ctr. v. U.S. Forest Serv., et al.*, 607 F.3d 453, 458 (7th Cir. 2010). And, "under appropriate circumstances bond may be excused notwithstanding the literal language of Rule 65 (c)." See, *Wayne Chemical, Inc. v. Columbus Agency Service Corp.,* 567 F.2d 692,701 (7th Cir. 1977).

At this time, the Court is not convinced that a bond is appropriate and if indeed a bond is appropriate, in what amount. Defendants concede that they will be able to recoup some damages by implementing the rule retroactively, if they succeed on the merits. The purpose of a TRO is to maintain the status quo until a hearing can be held on a preliminary injunction. Such a hearing will be held on August 24, 2011. At that time, the parties can present evidence, declarations and argument on the appropriateness of and costs, if a bond is deemed appropriate by the Court.

IT IS HEREBY ORDERED that the TRO shall remain in full force and effect until after the Court rules on Plaintiff's Motion for Preliminary Injunction following the August 24, 2011 hearing on the preliminary injunction.

IT IS FURTHER ORDERED that the TRO shall remain in effect without the posting of bond until the hearing date of August 24, 2011.

SO ORDERED.

Date: 07/22/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Debra Ann Mastrian
KRIEG DEVAULT LLP
dmastrian@kdlegal.com

Mark W. Bina
KRIEG DEVAULT LLP
mbina@kdlegal.com

Randall R. Fearnow
KRIEG DEVAULT LLP
rfearnow@kdlegal.com

Scott Stuart Morrisson
KRIEG DEVAULT LLP
smorrisson@kdlegal.com

Harmony A. Mappes
BAKER & DANIELS - Indianapolis
harmony.mappes@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

Matthew C. Branic
INDIANA ATTORNEY GENERAL
matt.branic@atg.in.gov

Wade Dunlap Fulford
Indiana Attorney General
wade.fulford@atg.in.gov